**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES DISTRICT COURT**

v.                                                    CASE NO. 3:17cr9/MCR

**JASON A. ANDOLINA**
_____/

## ORDER

Defendant was arrested in the District of Massachusetts pursuant to a Criminal Complaint filed in the Northern District of Florida charging him with distribution of child pornography. He appeared before a magistrate judge in Massachusetts on January 5, 2017. At that time, the Government requested detention pending Defendant's transfer to this district. A detention hearing was conducted on January 9, 2017. At the conclusion of the hearing, the magistrate judge denied the Government's request for detention and ordered that Defendant be released on conditions, including house arrest, location monitoring, and a $200,000 bond secured by his parents' home. The United States Attorney's Office in the Northern District of Florida then filed a motion in this Court requesting a stay of the magistrate judge's release order and a request for review of the order. The undersigned granted the Government's motion on January 10, 2017. *See* ECF No. 9, Case No. 3:17-mj-

Case No.: 3:17cr9/MCR

00001-EMT[1]  An Indictment was issued in the Northern District of Florida on January 17, 2017, charging Defendant with distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1). *See* ECF No. 12. The full record was presented to the undersigned for review on February 24, 2017.

"The [Bail Reform] Act provides a rebuttable presumption of risk of flight or danger to the community when a defendant has been indicted for certain crimes." *United States v. Quartermaine*, 913 F.2d 910, 915 (11th Cir. 1990). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *Id*. at 916. Because Defendant was indicted for violating 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1), it is presumed that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(E). "Once the statutory presumption [is] raised, the defendant carries the burden of production to come forwards with evidence to rebut [it]."[2] *Id*. The Defendant thus had the burden to produce evidence to "suggest that he . . . [was] . . . not likely to flee if turned loose on bail." *Quartermaine*, 913 F.2d at 916. However, "[e]ven if this evidence is sufficient to

---

[1] This case was later merged into the current criminal case after the Indictment issued.

[2] The government, however, retains the burden of proving by a preponderance of the evidence that the defendant represents a risk of flight or danger to the community. *See, e.g., United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

Case No.: 3:17cr9/MCR

rebut the statutory presumption, the presumption 'remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence relative to factors listed in section 3142(g).'" *Id.* (quoting *United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988). In determining whether there are conditions of release that will reasonably assure the defendant's appearance as required and safety of the community, the court must consider several factors, including the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the defendant's history and characteristics; and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court has made a *de novo* review of the record, including the transcript of the Defendant's detention hearing and the exhibits presented. After considering the record and the above factors, the Court finds the magistrate judge's conclusion that conditions of release could be imposed that would assure Defendant's appearance for trial in this District and the safety of the community is contrary to the Bail Reform Act, given the evidence in the record. First, distribution of child pornography is a serious crime, carrying a mandatory minimum sentence. Moreover, the evidence against Defendant is strong, including numerous videos and still images depicting the sexual abuse and exploitation of prepubescent children

Case No.: 3:17cr9/MCR

posted on line in the Kik social networking application under a username connected to Defendant.

Regarding the Defendant's history and characteristics, he has been a life-long resident of Massachusetts.  At the time of his arrest, he resided with his wife and children, and had regular visits with his parents. He was employed at a high school where he worked as an instructional aide, on a one-on-one basis, with special needs children.  None of his family members appeared to have any knowledge of the facts contained in the Government's evidence.  Defendant's wife testified that he had suffered from depression in the past and was again showing signs of depression and withdrawal.  Defendant's father indicated his willingness to pledge the equity in his personal residence and cover the cost of Defendant's travel between Massachusetts and Pensacola to assure Defendant's presence at trial.  Defendant's father also agreed to serve as third party custodian and allow Defendant to reside with him and his wife in their home.  Defendant has no ties to the Northern District of Florida.

Finally, regarding the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release, Defendant is charged with a serious crime against the most vulnerable in society – children.  Moreover, the evidence strongly suggests Defendant was, and had been, engaged in sexual conduct with minors.  His cellular telephone contains evidence of on-line

chats between Defendant and at least two minors.[3]  A username photograph of one of the individuals appears to the undersigned to depict a minor female.  The tag underneath her photo refers to "LittleGirl."  The chat themselves show Defendant referring to her as "princess" and "my sexy little one." Defendant is referred to as "Daddy." At one point, the female asks the Defendant "What is your favorite thing to do" and he responds "Fuck naughty girls."  In another exchange, Defendant sends the female a photo of an erect penis, presumably his own. The Government also presented evidence of other chats between Defendant and someone who chatted about school and being at the bus stop, suggesting that this individual was also a minor. Additionally, the probable cause affidavit of Special Agent Lindsey Bosso indicates that someone with the Username associated with Defendant posted a Dropbox link on Kik containing a grooming video.  A grooming video is made of computer generated graphics, usually of a cartoon nature, which seeks to normalize sexual activity involving minors.

    Defendant's stable family support and ties to Massachusetts, even in light of the magistrate judge's conditions of house arrest, together with Defendant's father's offer to post a bond and serve as a third party custodian, do not overcome the

---

[3] There was no evidence presented at the hearing that this cell phone is not Defendant's phone or was in someone else's possession.

Case No.: 3:17cr9/MCR

Page 6 of 7

presumption, considering the serious nature of the crime, the sentence Defendant is facing, the strength of the evidence against him, the fact that he has no ties to the Northern District of Florida and was experiencing depression even before his arrest, and the disturbing evidence of his apparent sexual contact with minors. However, even if the evidence of Defendant's family support and ties to his community were sufficient to overcome the presumption as to risk of flight, the Court would find by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of children in the community should he be released, given the evidence of the chats between Defendant and the two minors and the grooming video.

     Accordingly, the Defendant shall remain committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United

Case No.: 3:17cr9/MCR

States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** this 25th day of February, 2017.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

Case No.: 3:17cr9/MCR